[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this matter seeks a temporary injunction directing the defendant City of Shelton to award a contract to the plaintiff to perform maintenance services on grounds of The Shelton High School.
It is the plaintiff's claim that it was awarded a contract to perform these services on June 10, 1999 and, in fact, embarked upon its performance when on July 15, 1999 the Finance Committee of the defendant City of Shelton met and formally rescinded its acceptance of the plaintiff's contract and awarded it to another bidder who, on the record, was the lowest bidder who responded to the invitation to bid. The Finance Committee, according to the testimony of members of the Board of Finance, took this action following a review of the Cities' Ordinances regarding the awarding of contracts to bidders who were not the lowest responsible bidder and concluded that such an action was illegal.
The plaintiff by this application seeks to have the court order the reinstatement of the plaintiff as the provider of the maintenance services. At the hearing on the temporary injunction, it appeared that there was nothing unique about the contract and that the plaintiff simply wanted the opportunity to provide the services and garner whichever profit it might have gained under its terms. This translates to a claim for money damages if the City improperly terminated the plaintiff's contract. The plaintiff claims that it is conceivable that if the defendant continues to use the services of the contractor to which the contract was "awarded, the city may refuse to compensate the plaintiff even though it maybe found to be liable to the plaintiff on the basis of "having to pay twice." No Connecticut case has been cited to support this proposition and such a conclusion does not appear to be tenable to this court.
An injunction, either temporary, as sought by the plaintiff, or permanent is an extraordinary remedy which should be invoked only with great caution and aimed at preventing a loss which money damages cannot adequately remedy. See Berin v. Olson,183 Conn. 337, 340,.
This court cannot conclude from the arguments of counsel and CT Page 15683 the evidence offered by the parties that the plaintiff has demonstrated that it has sustained an injury which does not have an adequate remedy at law or that it has sustained and will continue to sustain irreparable harm.
The petition for a temporary injunction is denied.
George W. Ripley II Judge Trial Referee